**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dechoal Marie Quiroz-Montano,<br><br>                    Plaintiff,<br>vs.<br><br>Christopher Kevin Huls, et al.,<br><br>                    Defendants. | No.  CV-21-02015-PHX-SPL<br><br>**ORDER** |

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 7), Plaintiff's Complaint (Doc. 2)[1], and Plaintiff's Motion to Seal Complaint (Doc. 6).

**I.    Application to Proceed in District Court Without Prepaying Fees or Costs**

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). In the application to proceed without prepaying fees or costs, Plaintiff declares under penalty of perjury that she is unable to pay the filing fee and other costs associated with this case. Plaintiff presents financial information to support her application. Having considered the Motion (Doc. 7), it will be granted.

---

[1] The Court previously issued an Order (Doc. 5) denying the filing of Plaintiff's lodged Proposed Complaint (Doc. 2). Plaintiff was ordered to *refile* the Complaint—either as a lodged document along with a new Motion to Seal, or as a standalone Complaint for filing in the public record. Plaintiff failed to refile the Complaint in either manner. Nonetheless, for purposes of this Motion, the Court will treat Plaintiff's original lodged Proposed Complaint (Doc. 2) as Plaintiff's Proposed Complaint for screening purposes.

## II. Plaintiff's Complaint

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that: "(A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). The Court must therefore dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *See Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Screening under Section 1915(e) is conducted under the same standard as a motion to dismiss for failure to state a claim under Rule 8 of the Federal Rules of Civil Procedure and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014); *Marie v. Ariz. Dep't of Econ. Svc.*, No. CV-17-03167-PHX-DJH, 2018 WL 6348416 at *1-2 (D. Ariz. Jan. 16, 2018).

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Although Rule 8's short and plain statement for relief "need not contain detailed factual allegations," it demands "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may be dismissed where it lacks a cognizable legal theory, fails to allege sufficient facts under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See*

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), *overruled on other grounds by Twombly*, 550 U.S. at 562-63, 570; *Weisbuch v. County of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

Plaintiffs' Complaint does not satisfy the federal pleading requirements. First, the Complaint does not sufficiently state the grounds that give rise to the Court's jurisdiction. Federal courts have jurisdiction over only a limited number of cases, which typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. These jurisdictional limitations cannot be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts are thus obligated to consider whether subject matter jurisdiction exists and dismiss a case if subject matter jurisdiction is found to be deficient. In her Complaint, Plaintiff has noted that federal question jurisdiction applies, but in listing the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue, Plaintiff lists Title 8 of the Arizona Revised Statues and four provisions of 45 C.F.R. § 46. The Arizona statutes to which Plaintiff refers—A.R.S. §§ 13-1302 and 8-7001—are not federal statutes and therefore do not confer federal question jurisdiction on their own. As to the provisions of 45 C.F.R. § 46 to which Plaintiff refers, it is unclear how those are at issue in this case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that the court presumes lack of jurisdiction until the plaintiff proves otherwise); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts."); Fed. R. Civ. P. 12(h)(3) (providing that the lack of subject matter jurisdiction may be raised at any time by the parties or the court).[2] Because the ability of a Complaint to state a claim for relief is dependent on the elements

---

[2] To invoke diversity jurisdiction, a defendant must show that no defendant is a citizen of the same state as a plaintiff, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Court notes that because the Complaint indicates both Plaintiff and all but one of the Defendants are citizens of the State of Arizona (Doc. 2 at 2–3), diversity jurisdiction does not apply.

of the cause of action, failure to even identify the law or right allegedly violated by the Defendant renders the Complaint insufficient. *See Kaufman v. Jesser*, 884 F. Supp. 2d 943, 950 (D. Ariz. 2012) ("Dismissal of a complaint…may be granted for two reasons: 1) failure to allege a cognizable legal theory, or 2) the facts alleged are insufficient to state a cognizable legal theory."), citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Iqbal*, 556 U.S. at 678 ("[Federal Rule of Civil Procedure 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," as is required by Rule 8. In providing a statement of her claim, Plaintiff states the following:

> On August 19, 2016 a breach of contract had been violated causing emotional abuse upon each plaintiff by the defendants by abusing there [sic] rights as an employee of an agency, business, company and corporation within Maricopa County at a Hospital were [sic] the two children listed as Plaintiffs had been born.

(Doc. 2 at 5). As stated above, while Plaintiff is not required to provide "detailed factual allegations," Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *See Clemens*, 534 F.3d at 1022 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Plaintiff has alleged that Defendants breached a contract, caused emotional abuse upon Plaintiff, and that this occurred at a hospital in Maricopa County where two children "listed as Plaintiffs" were born. This statement of Plaintiff's claim fails to allege sufficient facts under a cognizable legal theory. It is unclear what contract is at issue or how that contract was breached by Defendants. It is also unclear what Defendants did to cause "emotional abuse" upon Plaintiff. And while it is clear that the events giving rise to this claim occurred at a hospital, it is unclear what happened at that hospital and how the two children were involved or harmed by Defendants. Again, Plaintiff does not need to provide every detail, but Plaintiff must still provide sufficient facts to support a cognizable legal theory. *See Balistreri*, 901 F.2d at 699, *overruled on other*

*grounds by Twombly*, 550 U.S. at 562–63, 570; *Weisbuch*, 119 F.3d at 783 n.1.

Although the Court should construe pleadings filed by pro se litigants liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff is still required to present enough information for the Court to assess whether the Complaint states a claim for relief. *Jones v. Baldinado*, No. CV 20-01371-PHX-MTL (JZB), 2020 WL 5545399 at *5 (D. Ariz. Sept. 16, 2020) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."), citing *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The failure to do so prevents the Court from fairly assessing Plaintiff's claims and renders it impossible to inform Defendant as to what allegations they are expected to answer. Because the Complaint in its current form is too vague as to what statute(s) Plaintiff wishes to proceed under—and as to the underlying events that occurred giving rise to this suit—it must be dismissed.

### III.   Leave to Amend

The Court finds that Plaintiff may be able to amend the Complaint to produce additional facts that clarify how the Defendant's alleged conduct violated the particular statutes or laws to which Plaintiff refers.

Plaintiff will therefore be given an opportunity, if she so chooses, to amend the complaint. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure. For example, the amended complaint must set forth in a clear and simple manner the basis for federal court jurisdiction, state a cause of action that shows Plaintiff is entitled to relief, and provide a demand for relief.

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the instructions explained in this Order, fails to prosecute this action, or otherwise fails to comply with the federal and local rules, the Court may dismiss the action with

prejudice pursuant to 28 U.S.C. § 1915(e), Rule 41(b) of the Federal Rules of Civil Procedure, or both. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

### IV. Motion to Seal Complaint

Plaintiff filed a second Motion to Seal in which Plaintiff requests an Order sealing her Complaint, along with "any motions and documents of any party that enters under case number CV-21-2015-PHX-SPL." (Doc. 6 at 1). This Court dismissed Plaintiff's first Motion to Seal after finding that Plaintiff "fail[ed] to identify grounds which explain why any of the filings in this case are entitled to protection, let alone why the entire case should be sealed." (Doc. 5 at 1). Now, on her second Motion to Seal, Plaintiff elaborates by explaining that she seeks a seal "to keep the medical records private." (Doc. 6 at 1).

As this Court noted with respect to Plaintiff's first Motion to Seal, there is a strong presumption in favor of public access and a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also* LRCiv. 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal and must append (as a separate attachment) a proposed order granting the motion.").

Here, while Plaintiff has provided a specific justification—to keep medical records private—the Court finds that the Complaint, at least as presently written, does not contain any medical records or information that would necessitate sealing the Complaint.[3] And

---

[3] The Court notes that Plaintiff is permitted to use initials in place of the actual names of children or other persons who are to remain anonymous on docket filings. This

while this Court recognizes that protection of medical privacy is a sufficient justification for a seal, this Court will not grant—as Plaintiff requests—a blanket seal as to every "motion or document of any party that enters" under this case number. *See* LRCiv. 5.6(b) ("The Court generally will not enter an order that gives advance authorization to file documents under seal."). Instead, Plaintiff may file a motion requesting a seal whenever a particular motion, document, or other filing contains medical records. As of yet, no such filing has been made. Thus, the Court will deny Plaintiff's Motion to Seal.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 7) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint in accordance with this Order no later than **January 31, 2022**. If Plaintiff elects to file an amended complaint, the amended complaint may not be served until and unless the Court screens it pursuant to 18 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by **January 31, 2022**, the Clerk of Court shall enter judgment dismissing this action without further order of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion to Seal (Doc. 6) is **denied**.

Dated this 29th day of December, 2021.

Honorable Steven P. Logan
United States District Judge

---

is not only permissible for the Complaint, but for any filing the parties make.

7